IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES MEEK,

        Petitioner,

v.

JENICE ZOPAN, Probation Officer, Klamath County Community Corrections, STATE OF OREGON, Department of Justice, and NATALIE JEAN ZITIK,

       Respondents.

Case No. 6:17-cv-00227-SB

ORDER

**BROWN, Judge.**

Petitioner brings this proceeding pursuant to 28 U.S.C. § 2254 and 42 U.S.C. § 1983, challenging the legality of his state conviction for Criminal Nonsupport. Pet. (ECF No. 1) at 3.[1] Petitioner's 149-page Petition chronicles the dispute over his child-support obligations beginning in 2000, and culminating in his criminal conviction for nonsupport in 2014. *Id.* at 14-94. Petitioner names as Respondents Klamath County Probation Officer Jenice Zopan, the Oregon Department of Justice, and Natalie Jean Zitik. *Id.* at 1.

---

[1] The Court notes that Petitioner paid the $5.00 filing fee for a habeas corpus proceeding, not the $400.00 filing fee for a civil rights action. *See* 28 U.S.C. § 1914(a) & (b).

Petitioner seeks (1) a writ of habeas corpus on the ground that his conviction was obtained in violation of the Constitution of the United States; (2) a declaratory judgment that the 2008 Deschutes County Circuit Court civil Order underlying his criminal conviction is void; and (3) a preliminary injunction "to temporarily preclude the State of Oregon from initiating any new civil or criminal action[s] that attempt[] to enforce the civil court order until its validity has been determined on its merits in the federal courts." *Id.* at 2.

As set forth below, this Court dismisses the Petition on the basis that (1) to the extent Petitioner seeks habeas relief, he has not named the proper Respondents and has failed to exhaust his available state remedies; (2) his civil rights claims are a *de facto* state appeal inextricably intertwined with the state court judgment; (3) his civil rights claims implicate the legality of his conviction; and (4) his request for preliminary injunctive relief is moot.

## BACKGROUND

Petitioner alleges that the Deschutes County Circuit Court entered a Judgment in 1995 "as part of [his] divorce proceeding where [he] was ordered to pay $180 per month in child support." *Id.* at 13. In 2008, an administrative law judge entered an Order increasing Petitioner's existing child-support obligation to $580 per month. *Id.* at 32-35. The Order was filed in the Deschutes County Circuit Court for approval. *Id.* at 33.

In 2014, Petitioner was convicted of two counts of Criminal Nonsupport in Klamath County Circuit Court. *Id.* at 3; *see Oregon v. Meek*, No. A158911 (state court docket). Petitioner filed a direct appeal raising state law issues only. *See Oregon v. Meek*, No. A158911, 2015 WL 12662110 (Or. App. Oct. 26, 2015) (Appellant's Opening Brief). The Oregon Court of Appeals affirmed Petitioner's conviction, without opinion. *Oregon v. Meek*, 385 P.3d 96 (Or. App. 2016). Petitioner

filed a Petition for Review that is pending before the Oregon Supreme Court. *See Oregon v. Meek*, No. A158911 (state court docket); Pet. at 114.

## DISCUSSION

### I.  Habeas Corpus Relief (28 U.S.C. § 2254)

Petitioner sets forth fourteen grounds for relief challenging his conviction for Criminal Nonsupport. Pet. at 118-32. In his prayer for relief, Petitioner alleges that he is actually innocent and moves the Court to reverse his conviction. *Id.* at 132.

Petitioner has failed to name the proper state officials as Respondents. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Based on Petitioner's assertion that he was serving a term of probation which expired the day he filed his Petition, the proper Respondents are Petitioner's probation officer, the Chairperson of the Oregon Board of Parole and Post-Prison Supervision Michael Wu, and Oregon Attorney General Ellen Rosenblum. *See* Advisory Committee Notes to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's failure to name the proper Respondents deprives this Court of jurisdiction. *Smith v. Idaho*, 392 F.3d 350, 354-56 (9th Cir. 2004).

Petitioner shall not be given leave to amend his Petition to name the proper Respondents because it appears from the face of the Petition that Petitioner has not exhausted his available state court remedies. *See* 28 U.S.C. § 2254(b)(1) (requiring state prisoner to exhaust available state remedies). To the extent Petitioner raised any of his current claims on direct appeal, those claims are not exhausted because his appeal remains pending. Further, because state post-conviction relief is available to Petitioner after the conclusion of his direct appeal (*see* Or. Rev. Stat. §§ 138.540 & 138.550), he has not exhausted his available state remedies. This Court is not convinced by

3 - ORDER

Petitioner's assertion that exhaustion should be excused because state remedies are unavailable or ineffective. *See* 28 U.S.C. § 2254(b)(1)(B)(i) & (ii).

Finally, Petitioner has failed to set forth good cause to stay this proceeding pending the exhaustion of his state remedies. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (holding that court may stay habeas proceeding upon a showing that the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory tactics); *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that court has the *discretion* to stay a fully unexhausted petition). For all of these reasons, this Court dismisses the Petition, without prejudice, to the extent that Petitioner seeks habeas relief.

## II.      Civil Rights Action (42 U.S.C. § 1983)

Petitioner alleges six claims for relief pursuant to 42 U.S.C. § 1983. Pet. at 138-41. Petitioner alleges that the underlying child support Order, as modified in 2008, is invalid; the Child Support Administrator provided false testimony during the 2008 proceeding; and the Klamath County Prosecutor acted in bad faith and engaged in prosecutorial misconduct during the course of Petitioner's subsequent criminal prosecution. *Id.* at 137-41. In his prayer for relief, Petitioner seeks an Order that (1) "declares the civil judgment void or invalid, and declares the conviction invalid;" and (2) "instructs the State of Oregon to delete all state records pertaining to his arrest, and conviction, and to remove [his] name from all court records, as well as a generic order that requires all private entities to delete all records pertaining to the arrest and conviction from their database[s]." *Id.* at 141.

To the extent that Petitioner is challenging the legality of his criminal conviction, including allegations that the Prosecutor misled the court and engaged in misconduct (*see id.* at 138-41), and

seeks a declaration that his criminal conviction is invalid (*see id.* at 141), a writ of habeas corpus is Petitioner's sole remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when state prisoner is challenging his confinement and seeks immediate or speedier release, his sole remedy is a writ of habeas corpus); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (concluding that habeas is the exclusive remedy for claims brought by state prisoners that fall within the "core of habeas").

To the extent that Petitioner is challenging the legality of the 2008 Order and seeks a declaration that the Order is invalid, this Court lacks subject matter jurisdiction because the Petition is a *de facto* appeal of the Deschutes Circuit Court's Order, and raises issues that are "inextricably intertwined" with the state court decision. *See Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) ("A de facto appeal exists when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.") (internal quotations omitted); *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (holding that claims are inextricably intertwined when the requested relief would effectively reverse the state court decision or void its ruling). Pursuant to the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction "when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004); *Cooper*, 704 F.3d at 777-78.[2]

Although an exception to the *Rooker-Feldman* doctrine exists when a plaintiff alleges *extrinsic* fraud on the state court, that exception does not apply to *intrinsic* fraud. *Dixon v. State Bar*

---

[2] The *Rooker-Feldman* doctrine is premised on the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Kougasian*, 359 F.3d at 1139.

5 - ORDER

*of Cal.*, 32 F. App'x 355, 356-57 (9th Cir. 2002). *Extrinsic* fraud is wrongful conduct of the adverse party which prevented the plaintiff from presenting his claim in court. *Kougasian*, 359 F.3d at 1140-41. *Intrinsic* fraud, in contrast, is fraud that goes to the heart of the issues that were before the state court. *See Dixon*, 32 F. App'x at 356-57 (allegations of discriminatory prosecution and the use of fabricated evidence are intrinsic fraud); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (allegations of perjury are, at best, intrinsic fraud).

Here, Petitioner is challenging the legality of the 2008 Order underlying his criminal conviction on the basis that the Child Support Administrator committed perjury and/or mislead the state court by testifying that Petitioner's overdue child support payments were owed to his ex-wife, despite the fact that the support obligation had been "redirected" to Judy Land (the grandmother of Petitioner's children). *See* Pet. at 15, 34-35, 54, 71-73, 140. Petitioner concludes that as a result of the Administrator's fraud, the state court lacked personal and subject matter jurisdiction because Land was not a party to the action. *Id.* at 43-44, 78.

Petitioner's allegations are not extrinsic or collateral to the issues before the state court, and the alleged fraud did not prevent Petitioner from presenting his arguments in state court. At best, his claims constitute intrinsic fraud. His requested relief would effectively reverse the state court decision or void its ruling. Accordingly, the alleged fraud does not provide an exception to the *Rooker-Feldman* doctrine.[3]

---

[3] Petitioner also alleges that an Assistant Attorney General committed fraud in *2015* during post-trial proceedings in his criminal case and in a subsequent civil proceeding (*see* Pet. at 89-99, 135, 141). Alleged fraud in 2015 does not provide a jurisdictional basis for this Court to review the legality of the 2008 civil Order.

6 - ORDER

In the alternative, if this Court has subject matter jurisdiction over Petitioner's civil rights claims, he fails to state a claim for which relief may be granted because his claims implicate the legality of his Criminal Nonsupport conviction. The Supreme Court has held that in order to recover damages for harm "caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *see also Edward v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to request for declaratory relief). Petitioner's conviction for Criminal Nonsupport has not been reversed, declared invalid, or called into question by the issuance of a writ of habeas corpus. Petitioner's allegations necessarily imply the invalidity of his conviction. Accordingly, his claims are dismissed pursuant to the reasoning in *Heck*.

### III. Motions Contained in the Petition

Because this Court has dismissed the Petition, the Court denies Petitioner's Motions for Preliminary Injunction and to Compel (*see* Pet. 142-47) as moot. Additionally, this Court denies Petitioner's Motion for Appointment of Counsel (*see id.* at 5) because the interests of justice do not warrant an appointment under 28 U.S.C. § 3006A(2)(B), and this is not an exceptional case warranting the appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1).

///

///

///

///

7 - ORDER

## CONCLUSION

Based on the foregoing, this Court DISMISSES Petitioner's Petition (ECF No. 1), without prejudice. Petitioner's Motions for Preliminary Injunction, to Compel, and for Appointment of Counsel (contained in the Petition) are DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 6th day of March, 2017.

Anna J. Brown
United States District Judge